**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ERIC L. WAKEFIELD, #201900235,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-01772-JPG** |
| | ) | |
| **FRANKLIN COUNTY COURTS,** | ) | |
| **KEVIN POPIT, ED DORCEY,** | ) | |
| **and AARON MICHAEL HOPKINS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Eric Wakefield, an inmate at Franklin County Jail located in Benton, Illinois, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 1-15). This is one of six lawsuits that Plaintiff filed in this Court on August 3, 2022.[1] In the Complaint, Plaintiff asserts claims against Franklin County Courts, his public defender, and two private attorneys for inadequate representation in his criminal and divorce cases. (*Id.*).

The Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff also filed *Wakefield v. Christopher Police Dep't, et al.*, No. 22-cv-1764-JPG (S.D. Ill. 2022); *Wakefield v. Franklin County Sheriff's Dep't, et al.*, No. 22-cv-1766-JPG (S.D. Ill. 2022); *Wakefield v. SIU Credit Union, et al.*, No. 22-cv-1767-NJR (S.D. Ill. 2022); *Wakefield v. Franklin County Jail, et al.*, No. 22-cv-1768-JPG (S.D. Ill. 2022); and *Wakefield v. District Attorney's Office, et al.*, No. 22-cv-1769-DWD (S.D. Ill. 2022).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against his public defender and two private attorneys he retained to represent him in a criminal case and divorce proceedings.  Plaintiff alleges that all three attorneys failed to provide him with adequate legal representation.  Specifically, Plaintiff alleges that his public defender, Attorney Kevin Popit, never explained anything to him and "said and did nothing" for 2 years and 8 months.  (*Id*. at 6).  Instead, Plaintiff retained a private attorney to represent him in his criminal case: Attorney Aaron Michael Hopkins.  However, Attorney Hopkins allegedly failed to disclose a conflict of interest—*i.e.*, his representation of Plaintiff's wife in their divorce—before having Plaintiff sign a Power of Attorney.  Plaintiff separately retained Attorney Ed Dorcey to represent him in the divorce.  Plaintiff Dorcey allegedly violated attorney-client privilege by discussing the details of his case with his mother and sister.  Attorney Dorcey then signed Plaintiff's divorce papers without his consent, causing him to lose "100% of everything" as a result.  He asserts numerous claims against all three individuals under federal criminal law and Illinois state law.  He seeks expungement of unspecified records and "other relief" for attorney misconduct.  (*Id*. at 1-15).

## Preliminary Dismissal

Plaintiff names Franklin County Courts as a defendant in the case caption of his Complaint but brings no allegations or claims against this defendant.  Merely invoking the name of a potential defendant is not enough to state a claim.  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Plaintiff must associate specific defendants with his claims, so that each has notice of the claims and can properly answer the complaint.  *See* FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included the name of a defendant in his statement of claim, as here, the defendant cannot be said to have notice of which claims in the complaint, if any, are directed against that defendant.  *Id*.

2

Franklin County Courts shall be dismissed with prejudice from this action.

## Discussion

Plaintiff brings this action under 42 U.S.C. § 1983, which provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law.  42 U.S.C. § 1983.  To state a claim under § 1983, the plaintiff must establish that he suffered a deprivation of his federal rights by a defendant who acted under color of state law.  *Id.*; *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993).  The Complaint cannot proceed under § 1983 for several reasons.  First, Plaintiff failed to bring suit against a state actor.  Second, he failed to allege a deprivation of his rights under federal law.  Third, Plaintiff's claims arise under Illinois state law.

### A.      No State Actor

Plaintiff identifies his public defender as a defendant.  However, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk Cnty. v. Dodson*, 545 U.S. 312, 325 (1981).  The Seventh Circuit Court of Appeals has also held that a court-appointed public defender cannot be sued under 42 U.S.C. § 1983.  *McDonald v. White*, 465 F. Appx. 544 (7th Cir. 2012).  Because Plaintiff's claims against the public defender arise from the performance of traditional functions as counsel in his criminal case, Plaintiff cannot pursue relief against this defendant under § 1983.

Plaintiff also names Attorney Hopkins, a private attorney he retained to represent him in a criminal case.  However, a private attorney is not a state actor or acting under color of state law for purposes of § 1983.  *French v. Corrigan*, 432 F.2d 1211, 1214-15 (7th Cir. 1970), *cert. denied*,

401 U.S. 915 (1971).  Moreover, the allegations do not suggest that this defendant was acting in concert with a state actor.  Plaintiff cannot pursue § 1983 relief against Attorney Hopkins.

Plaintiff also brings suit against Attorney Dorcey, his divorce attorney.  Attorney Dorcey is a private attorney and not a state actor.  And, the Complaint does not assert any claims of conspiracy against this private actor and a state actor.  Plaintiff cannot pursue § 1983 relief against Attorney Dorcey.

### B.    No Violation of Federal Constitutional or Statutory Rights

Plaintiff also identifies no violation of his federal constitutional rights.  The Court is unable to guess what potential violations occurred here, and it will not do so.  Plaintiff is the master of his Complaint and must decide which claims to bring against each defendant.  Although he refers to alleged violations of federal statutes, he only cites federal criminal statutes.  Section 1983 is not a vehicle for bringing criminal charges against the defendants.  Only the United States Attorney has prosecutorial authority to bring charges for violations of federal criminal law—not a private citizen bringing suit under § 1983.   The Court shall dismiss that portion of the Complaint consisting of Plaintiff's § 1983 claims.

### C.    No Supplemental Jurisdiction

Third, Plaintiff's only other claims arise under Illinois state law, and he brings dozens of them against the defendants.  Under some circumstances, the Court will exercise supplemental jurisdiction over state law claims brought as part of a § 1983 suit.  *See* 28 U.S.C. § 1367.  Section 1367(a) states, in pertinent part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

*See* 28 U.S.C. § 1367(a).  As explained above, Plaintiff has articulated no claim against a defendant pursuant to § 1983.  In fact, he has made no effort to describe any violation of his federal rights in the Complaint.

The Court will not exercise supplemental jurisdiction over Plaintiff's state law claims. Section 1367(c) empowers a federal court to decline supplemental jurisdiction in two contexts that are applicable here.  *See* 28 U.S.C. § 1367(c).  A court may decline to exercise supplemental jurisdiction over a claim under subsection (a), if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction or if the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(2)-(3).  Plaintiff failed to state any claim upon which relief may be granted under § 1983, so the Court declines to exercise supplemental jurisdiction over his state law claims pursuant to § 1367(c)(3).  Had he been granted leave to pursue one or more § 1983 claims, however, the Court would still decline supplemental jurisdiction pursuant to § 1367(c)(2) because the state law claims comprise the vast majority of claims in this case and predominate.

For each of the reasons set forth above, the Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed for failure to state a claim upon which relief may be granted.  Although the Court freely grants leave to file amended pleadings, it need not give leave or "solicit more litigation spontaneously" where it is not apparent what claim a plaintiff might substitute for those that already failed.  *See e.g. Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile).  Because further amendment would be futile, the Court shall close this case.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** with prejudice against **ALL DEFENDANTS** for failure to state a claim upon which relief may be granted. Plaintiff's claims against **ALL DEFENDANTS** pursuant to 42 U.S.C. § 1983 are **DISMISSED** with prejudice. The Court declines to exercise supplement jurisdiction over Plaintiff's state law claims against **ALL DEFENDANTS** under 28 U.S.C. § 1367, and these claims are **DISMISSED** without prejudice to Plaintiff pursuing relief in state court. Plaintiff is **ADVISED** that the dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS ORDERED** that all pending motions (Docs. 13, 15, 16, 17, and 19) are **TERMINATED**.

Plaintiff is also **ADVISED** that his obligation to pay the filing fee for this action was incurred when he filed the action; the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 5/22/2023**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**